**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PATRICK DEERING, | ) | |
| | ) | Case No. 15 C 8320 |
| Movant, | ) | |
| | ) | Criminal Case No. 02 CR 398-2 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Patrick Deering moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Dkt. 1.)[1] On February 3, 2003, pursuant a plea agreement, Deering pleaded guilty to conspiracy to commit a robbery affecting interstate commerce in violation of 18 U.S.C. §§ 1951 and 1952 (Hobbs Act conspiracy) and possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A). (Cr. dkt. 47). On November 14, 2003, Deering was sentenced to 211 months' imprisonment: 161 months for the Hobbs Act conspiracy conviction and a mandatory consecutive 60 months for the § 924(c)(1)(A) conviction. (Cr. dkt. 93.) Deering did not appeal his sentence. According to the Bureau of Prisons' website, https://www.bop.gov/inmateloc, Deering is scheduled to be released from custody on September 9, 2017.

Deering filed the instant motion on September 21, 2015, seeking relief from his consecutive sentence in light of the Supreme Court's decision in *Johnson* v. *United States*, 576 U.S. ---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). The government moved to dismiss.

---

[1] References to the docket in Deering's underlying criminal case, *United States* v. *Deering*, No. 02 CR 398-2 (N.D. Ill.) are cited as (cr. dkt. __). References to the present civil proceeding are cited as (dkt. __).

1

Having considered the submissions of the parties, the court denies the motion to dismiss and grants the motion to vacate the sentence.[2]

## LEGAL STANDARD

Section 2255 allows a person held in federal custody to petition the sentencing court for an order vacating, setting aside, or correcting his sentence. 28 U.S.C. § 2255(a). Relief under § 2255 is "reserved for extraordinary situations." *Hays* v. *United States*, 397 F.3d 564, 566 (7th Cir. 2005) (quoting *Prewitt* v. *United States*, 83 F.3d 812, 816 (7th Cir. 1996)). A petitioner must establish "that the district court sentenced him in violation of the Constitution or laws of the United States or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." *Id.* at 566–67 (quoting *Prewitt*, 83 F.3d at 816). It is proper to deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively demonstrate that the prisoner is entitled to no relief." 28 U.S.C § 2255(b).

Generally, the statute of limitations for filing a collateral attack under § 2255 is one year from the date the petitioner's conviction becomes final. 28 U.S.C. § 2255(f)(1). A motion may also be filed, however, within one year after a right is newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(3).

## ANALYSIS

Deering was sentenced to the mandatory minimum of 60 months' imprisonment under 18 U.S.C. § 924(c)(1)(A)(i), which applies to a defendant who uses or carries a firearm during the commission of any "crime of violence." A "crime of violence" is defined as a felony that either "has as an element the use, attempted use, or threatened use of physical force against the

---

[2] Deering filed his motion *pro se*, but the Federal Defender later entered an appearance and replied to the government's briefing.

person or property of another," 18 U.S.C. § 924(c)(3)(A) (force clause), or "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the [felony]," *id*. § 924(c)(3)(B) (residual clause).

In *Johnson* v. *United States*, 576 U.S. ---, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found unconstitutionally vague the residual clause in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). Deering argues that his five-year sentence under § 924(c) cannot be sustained because *Johnson* renders the statute's similar residual clause unconstitutionally vague. In response, the government disputes this assertion, and it further argues that Hobbs Act conspiracy is a crime of violence under the statute's force clause and that Deering's *Johnson* claim has been procedurally defaulted for failure to raise it on appeal.[3]

## I.   The Constitutionality of § 924(c)'s Residual Clause Post-*Johnson*

In *Johnson*, the Supreme Court held that ACCA's residual clause, 18 U.S.C. § 924(e)(2), is unconstitutionally vague. *Johnson*, 135 S. Ct at 2557. Applying the new constitutional rule announced in *Johnson*,[4] the Seventh Circuit has held unconstitutionally vague the substantially similar residual clauses in 18 U.S.C. § 16(b), *United States* v. *Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), and U.S.S.G. § 4B1.2(a)(2), *United States* v. *Hurlburt*, 835 F.3d 715 (7th Cir. 2016). Recently, the Seventh Circuit, again applying the *Johnson* rule, found § 924(c)(3)(B) likewise unconstitutionally vague. *United States* v. *Cardena*, --- F.3d ----, Nos. 12-3680, 12-3683, 12-3747, 13-1374, 13-2321, 2016 WL 6819696 (7th Cir. Nov. 18, 2016). Accordingly, if Deering's

---

[3] The government also argues that Deering's § 2255 motion is untimely; because, however, *Johnson* announced a new right on June 26, 2015, and Deering filed his motion fewer than three months later, his motion is timely under 28 U.S.C. § 2255(f)(3). *See infra* Section I.

[4] In *Welch* v. *United States*, 578 U.S. ---, 136 S. Ct. 1257, 194 L. Ed. 2d 387 (2016), the Court declared that *Johnson* articulated a new, substantive constitutional rule retroactively applicable to cases on collateral review.

3

conviction under § 924(c) is to be upheld, the court must find that Hobbs Act conspiracy fits within the scope of § 924(c)'s force clause.

**II.     Whether Hobbs Act Conspiracy Is a Crime of Violence Under § 924(c)'s Force Clause**

Deering argues that Hobbs Act conspiracy does not qualify as a crime of violence under the force clause because its elements do not satisfy the clause's requirement of the "use, attempted use, or threatened use of physical force." (Dkt. 15 at 2.) "In determining whether a predicate offense qualifies as a 'crime of violence' under § 924(c), courts use a categorical approach looking only to the statutory elements of the offense and not to the particular facts underlying the offense." *United States* v. *Coleman*, No. 14 CR 664, 2016 WL 1435696, at *2 (N.D. Ill. Apr. 12, 2016) (citing *Descamps* v. *United States*, 570 U.S. ---, 133 S. Ct. 2276, 2283, 186 L. Ed. 2d 438 (2013)). "To prove … Hobbs Act conspiracy, the government must establish that two or more persons agreed to commit an unlawful act, and that the defendant knowingly and intentionally joined in the agreement." *United States* v. *Haynes*, 582 F.3d 686, 698 (7th Cir. 2009), *abrogated on other grounds* by *United States* v. *Vizcarra*, 668 F.3d 516 (7th Cir. 2012).

The government contends that Hobbs Act conspiracy falls within the force clause because it includes an agreement "to take property from someone by force … [which] 'threatens' the use of force." (Dkt. 14 at 13.) The government, however, provides no authority in this circuit, nor does this court's research reveal any, recognizing the offense of Hobbs Act conspiracy as constituting a crime of violence under § 924(c)'s force clause.

Moreover, other circuits that considered this issue pre-*Johnson* primarily found Hobbs Act conspiracy to qualify as a crime of violence solely by operation of § 924(c)'s residual clause. *See, e.g.*, *United States* v. *Turner*, 501 F.3d 59, 67 (1st Cir. 2007) (finding that Hobbs Act

4

conspiracy satisfied § 924(c)'s residual clause); *United States* v. *Elder*, 88 F.3d 127, 128–29 (2d Cir. 1996) (noting same); *United States* v. *Phan*, 121 F.3d 149, 152–53 (4th Cir. 1997) (noting same); *United States* v. *Taylor*, 176 F.3d 331, 337–38 (6th Cir. 1999) (noting same); *United States* v. *Mendez*, 992 F.2d 1488, 1491–92 (9th Cir. 1993) (noting same). Post-*Johnson*, several courts have explicitly rejected the argument that Hobbs Act conspiracy satisfies the force clause's definition of a crime of violence. *See, e.g.*, *United States* v. *Edmundson*, 153 F. Supp. 3d 857, 859 (D. Md. 2015), as amended (Dec. 30, 2015) (finding that "it is undisputed that Hobbs Act Conspiracy can be committed even without the use, attempted use, or threatened use of physical force against the person or property of another"); *United States* v. *Luong*, CR. NO. 2:99-00433 WBS, 2016 WL 1588495, at *2 (E.D. Cal. Apr. 20, 2016) (holding that conspiracy to commit Hobbs Act robbery did not satisfy the force clause because a jury would "not [be] required to find that [defendant] used, attempted to use, or threatened to use physical force in order to find him guilty of conspiracy"); *United States* v. *Smith*, No. 2-11-CR-00058-JAD-CWH, 2016 WL 2901661, at *5 (D. Nev. May 18, 2016) (finding that "[a]greeing to commit a robbery does not necessarily involve the use, attempted use, or threatened use of physical force"); *United States* v. *Baires-Reyes,* No. 15-CR-00122-EMC-2, 2016 WL 3163049, at * 3 (N.D. Cal. June 7, 2016) (stating "it appears that Congress intended for crimes such as conspiracy to commit Hobbs Act robbery—which involve a substantial risk that physical force would be used in the course of committing the offense—to be covered by the residual clause, not the force clause").

Because neither of the elements of Hobbs Act conspiracy requires the conspirator to use, attempt, or threaten the use of physical force, Hobbs Act conspiracy does not categorically qualify as a crime of violence under § 924(c)'s force clause. Therefore, Deering correctly argues that Hobbs Act conspiracy does not constitute a crime of violence under § 924(c)(3)(A).

### III. Procedural Default

Now that the court has determined that 924(c)(3)(B) is unconstitutionally vague based on the newly announced *Johnson* rule, it can address the procedural default argument more concisely. Although a defendant is generally barred from raising an argument on collateral review that was not raised on direct appeal, *see Sanchez-Llamas* v. *Oregon*, 548 U.S. 331, 350–51, 126 S. Ct. 2669, 2682, 165 L. Ed. 2d 557 (2006), a court may excuse procedural default if the defendant demonstrates "(1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims, or (2) that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice." *McCleese* v. *United States*, 75 F.3d 1174, 1177 (7th Cir. 1996) (citations omitted). Deering has shown both good cause and actual prejudice.

#### A. Good Cause

Citing *Reed* v. *Ross*, 468 U.S. 1, 104 S. Ct. 2901, 82 L. Ed. 2d 1 (1984), Deering argues that he had good cause for not making his argument on direct appeal because a claim based on *Johnson* was non-existent until 2015. In *Reed*, the Supreme Court held that when "a constitutional claim is so novel that its legal basis is not reasonably available to counsel," good cause is demonstrated. *Id.* at 16. Further, the Court explained that when it explicitly overrules one of its precedents and applies that decision retroactively, "there will almost certainly have been no reasonable basis upon which an attorney previously could have urged" for the newly adopted position. *Id.* at 17.[5]

---

[5] Although the Seventh Circuit has repeatedly questioned *Reed*'s validity following the Supreme Court's decision in *Teague* v. *Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 3344 (1989), *see*, *e.g.*, *Prihoda* v. *McCaughty*, 910 F.2d 1379, 1386 (7th Cir. 1990), *Teague* dealt with constitutional rules of procedure and does not undermine the authority of *Reed* with respect to a substantive rule such as that announced in *Johnson*.

*Johnson* acknowledged the Court's history of rejecting vagueness challenges to the ACCA's residual clause. *See* 135 S. Ct. at 2562–63. Further, as the Seventh Circuit made clear in *Cardena*, 2016 WL 6819696, *24–25, § 924(c)'s residual clause was not declared unconstitutional until *Johnson* invalidated the substantially similar residual clause in § 924(e). Thus, Deering has established good cause.

**B.      Actual Prejudice**

Deering received an additional five-year sentence under § 924(c) when this court determined that Hobbs Act conspiracy is a crime of violence under § 924(c). That sentence, most of which Deering has served, is unconstitutional. Thus, he was obviously prejudiced.

Accordingly, Deering's procedural default is excused.

## CONCLUSION AND ORDER

For the foregoing reasons, Deering's 28 U.S.C. § 2255 motion (dkt.1) to vacate his mandatory five-year sentence imposed under 18 U.S.C. § 924(c)(1)(A) is granted. Defendant's counsel shall promptly confer with the assigned Assistant United States Attorney to discuss potential dates for Deering's resentencing. This case and case number 02 CR 398-2 will be called for status on December 14, 2016 at 9:00 a.m.

Dated: December 8, 2016

_____
U.S. District Judge Joan H. Lefkow